WHITAKER, impleaded, &c. *vs.* BROWN.

In an action on a note payable to A. B. or *bearer*, transferred and suit brought by the *assignee*, evidence of declarations or admissions made by the *payee,* while the holder and owner of the note, in discharge of the *drawer*, is inadmissible.

The *payee* is a competent witness, and should be produced to *prove* the defence set up.

The rule of evidence laid down in *Hurd* v. *West,* 7 Cowen, 952, that the declarations of a *vendor* of personal property, though before sale, are not evidence against the *vendee*, and that the vendor must be called as a witness *confirmed,* and the note of the reporter, in the case of *Austin* v. *Sawyer,* 9 Cowen, 39, intimating that the latter case overruled the former, corrected.

ERROR from Yates common pleas.  The action in the court below was on a promissory note, payable to one W. Roy or *bearer*, transferred to the plaintiff.  The making and transfer of the note were duly proved.  The defendant offered to prove *admissions made by Roy* whilst the holder of the note, and previous to the transfer, shewing that the defendant was not liable to the payment of the note.  These admissions were offered to be shewn, not by Roy, but by witnesses to whom he had made such admissions.  The common pleas refused to receive the evidence.  The plaintiff had judgment, and the defendant sued out a writ of error, and among the grounds relied on for the reversal of the judgment, was the rejection of the above testimony.  The court held that the common pleas decided correctly in rejecting the evidence, but reversed the judgment on other grounds, not deemed material here to state.  Only so much of the opinion of the court is given as relates to the above question.

*J. A. Collier,* for plaintiff in error.

*J. A. Spencer,* for defendant in error.

*By the Court,* SUTHERLAND, J. Evidence of the declarations and admissions of *William Roy,* made when he was the holder and owner of the note on which this suit was brought, was properly excluded. *Roy* was a competent witness. The genuineness of the note had been proved. His declarations were not the best evidence. The opposite party was entitled to his oath.

In *Hurd* v. *West,* 7 Cowen, 752, it was held that the declarations of a vendor of personal property, though made before sale, are not evidence against the vendee ; but the vendor should be called as a witness. So also, in *Alexander* v. *Mahon,* 11 Johns. R. 185. And in *Duckham* v. *Wallis,* 5 Esp. N. P. Cas. 253, a case pricisely like the one at bar, Lord Ellenborough held that the declarations of a former holder of the note were not admissible to prove payment. That was an action by the endorsee of a bill of exchange. The defence was, that the defendant had settled it in account with the holder when it fell due, and that the plaintiff took it after it became due ; and to sustain the defence, the declarations or admissions of Evans, the holder and owner of the bill when it fell due, were offered to be proved. The evidence was excluded by Lord Ellenborough, on the ground that Evans himself was a competent witness, and what he had said was not the best evidence, when he himself could be called. It would be making, he observed, the declarations of a third person evidence to effect the plaintiff's title, when the such third person was a competent witness, not being a party to the record. The declarations of the *plaintiff on the record,* though only a trustee for a third person, may be given in evidence to defeat the action. 7 T. R. 663, 670, note. Stark. Ev. 40.

The acts or declarations of an agent of a party are, under many circumstances, competent evidence against him. 1 Phil. Ev. 77, and cases there cited. 2 Stark. Ev. 42, and cases there cited. They are considered as his declarations.

The cases referred to on the argument in which the declarations of tenants and of bankrupts have been admitted, depend upon principles not applicable to a case like this. 1 Johns. R. 340. 4 id. 230. 3 Pick. 284. 5 id. 414. 6 id. 464. 2 T. R. 53. 5 id. 513. 1 Esp. Cas. 458.

ALBANY, Jan. 1832.

Whitaker v. Brown.

ALBANY,
Jan. 1832.

The case of *Pocock* v. *Billings*, 2 Bingham 269, decides nothing, except that the declarations of a former holder of a bill cannot be received in evidence, unless they were made while he had possession of the bill. It appeared that he had not possession at the time, and his declarations were excluded. This is the point decided in that case, and nothing more. It may be inferred from what the court say, that they would have held his declarations competent evidence, if the bill had been in his possession ; but that is not decided, and if it were, I should nevertheless adhere to the decisions of our own court, and the opinion of Lord Ellenborough in 5 Esp. founded as they appear to me to be, upon a fundamental principle in the law of evidence.

In *Austin* v. *Sawyer*, 9 Cowen, 39, the question as to the admissibility of the declarations of the vendor, does not appear to have been raised ; they appear to have been received without objection, and the court notice them only for the purpose of determining their weight, in connection with the other evidence in the case. The reporter, therefore, has fallen into an error, when he declares in his marginal note, that that case overrules the case of *Hurd* v. *West*, 7 Cowen, 752, upon that point.

Judgment reversed.