## Bristol *vs.* Dann and others.

The admissions of the payee of a note while owner thereof, can not be given in evidence in an action against the maker by a subsequent holder.

*Advances* by an *attorney* to his client from motives of humanity, long after the commencement of the suit, are not a violation of the statute prohibiting advances in consideration of a security for the payment of money being left with an attorney for collection.

This was an action of *assumpsit*, tried at the Herkimer circuit in March, 1832, before the Hon. Nathan Williams, then one of the circuit judges.

The action was on a promissory note for $350, dated 13th July, 1827, payable to Samuel Rogers or bearer, 12 months after date. It had the names of "H. Hamilton," and of a mercantile firm, viz. "Sprague, Dann & McKinister" subscribed to it as the makers thereof. The name of the firm was subscribed by *David Sprague*, one of the partners. On the back of the note was an endorsement in these words; "I guarantee the within note," signed by the payee. It was proved, on the part of the defendants, that on the *twelfth* day of July, 1827, the partnership of Sprague, Dann & McKinster" was dissolved, and that Dann sold out his interest in the concern to Sprague : and that on the *thirteenth* day of July, Rogers, the payee of the note, entered into a contract with *Sprague* and *McKinster* to work for them, in their paper manufactory, a business which had been carried on by the former partnership. The defendants also offered to prove *admissions* by Rogers, that when he took the note he knew that *Dann* had withdrawn from the firm : which evidence was objected to and excluded by the judge, unless followed up by proof that such admissions were made whilst Rogers was the holder of

the note.   To which decision the defendants excepted.  The *attorney* for the plaintiff proved the signature of *Sprague* to the note, and testified that since a former trial of this cause which took place in September, 1830, he had made advances to the amount of $30 or $40 to the plaintiff, to aid him to support his family, and to prevent his being taken to jail on small executions ; and had received a writing from the plaintiff authorizing him to retain such advances and the costs of the suit, and had given notice of the same to the defendants. The defendants' counsel insisted that such advances were a violation of the statute prohibiting advances by attorneys on notes left with them for collection, and deprived the plaintiff of the right to recover.   The judge ruled that the case was not within the statute, and the defendants again excepted. The jury found for the plaintiff, and the defendants now move for a new trial.

*A. Loomis*, for the defendants.

*J. A. Spencer*, for the plaintiff.

*By the Court*, SAVAGE, Ch. J.   Rogers was the payee of the note ; had passed it to the plaintiff for a valuable consideration, and had guaranteed the payment of it.   He was a competent witness for the defendants, but not for the plaintiff.   He was interested in the event of the suit.   If the plaintiff succeeded, and collected the money, he was discharged from his guaranty.   If the defendants succeeded, he was liable upon his guaranty.   His interest was against the defendants, and therefore he was a competent witness for them, and the plaintiff could not object to him.   The rule seems to be settled, that a party who can call a witness, shall not be permitted to prove his declarations.   A former owner of real estate, through whom the title has passed, is said to be an exception ; his admissions against the title while he was in possession may be shown.   That rule the judge at the circuit applied to this case, by permitting the defendants to give evidence of Roger's admissions while he owned or possessed the

NEW-YORK,
May, 1834,

Bristol
v.
Dann.

NEW-YORK, May, 1834.

Bristol
v.
Dann.

note. This was going farther in favor of the defendants than they had a right to ask. In *Whitaker* v. *Brown*, 8 Wendell, 490, where the suit was brought by the bearer of a promissory note, the admissions of the payee while owner of the note were excluded. Several cases are there cited to sustain that decision. If, therefore, there was any error at the circuit, it was in favor of the defendants, and they cannot complain of it·

The second point excepted to is equally untenable. There is no pretence that the advance was made with the *intent*, and for the purpose of bringing this suit, for the advance was made long after suit brought, and subsequent to a former trial. Nor was it made in consideration of the note having been placed in the hands of the attorney for collection, 2 R. S. 288, § 71, 72; and without such intent, under the present statute, the demand is not affected; nor is the attorney punishable. The testimony shows that the advance was made from motives of humanity and benevolence.

There are other points raised by the defendants' counsel, but as no exception was taken upon the trial, it would not be proper to discuss them. I will only remark, that this case is not the same presented on a former occasion. 8 Wendell, 443. Nor does it depend upon the same principles. Although the partnership had been dissolved the day before the note was given, yet notice of the fact had not been given; nor does it appear in this case that Rogers knew it.

New trial denied.