Warren, respondent, agt. Helmer, appellant.

---

## COUNTY COURT.

WARREN, respondent, agt. HELMER, appellant.

The provisions of the *Code*, (§ 399,) requiring *ten days' notice* of the examination of an *assignor* as a witness, does not apply to *Justices' Courts*.

*Cortland County Court, November,* 1853. Warren, the respondent, sued Helmer, the appellant, before a justice of the peace. The defendant did not appear, except by one George Steele, who was sworn as to his authority, and not proving it satisfactory to the court, was not admitted. The plaintiff then declared for an account against the defendant, originally owned by one McChesney, and sold by him to one Hathaway, and by Hathaway sold to the plaintiff. McChesney was sworn for the plaintiff, to prove the account and assignment, though no notice of his examination had been served upon the defendant.

The justice having rendered judgment in favor of the plaintiff, the defendant appealed.

It appeared that the plaintiff was a constable when the summons was served; and this is one ground of alleged error.

JAMES A. SCHERMERHORN, *for Appellant.*
HIRAM CRANDALL, *for Respondent.*

KINGSLEY, County Judge.—I do not think the justice erred in refusing to allow George Steele to appear for the defendant. I assume that he did thus refuse, although the return is open to some little criticism upon the subject; but granting all that the appellant can claim from the return, I yet think the justice committed no error in his decision. Steele swears that he was employed by the appellant to answer for him in two suits, one in which Kelley, and the other in which Hathaway, were plaintiffs, and that he was authorized to answer for the appellant, in a cause that day pending against him, before the justice before whom this suit was to be tried. This is the strongest aspect of the case for the defendant, and, in my opinion, is far from showing that Steele had any authority to appear for him in *this suit*. While the names of the parties plaintiff are different from those given by him, it does not appear that this was the only suit that day pending against Helmer, before the justice, and for aught I know, there was another one that day pending before him, answering fully the description given by the witness. When, therefore, we add to this view of the case, the further statement of the witness, that "he would *not* swear that he was employed by the said Frederick Helmer to answer for him in a suit in which Truman Warren was plaintiff," we are left without any pretence for saying that this *was* really a suit in which Steele was to appear for the appellant, and therefore the justice's decision excluding him, is entirely correct.

The next objection of the appellant is, that the plaintiff was a constable, and as such had no right to purchase the demand in suit. (2 *R. S.* 267, § 235.) This objection is not well founded, and for two reasons: First. It does not any where appear that the plaintiff was a constable when he bought the demand in question; the only proof upon the subject is in the stipulation annexed to the return, and which is simply to the point, that he was such constable, *at the time he served the summons*. This is not proof, or any evidence, that he was such at the time he became the assignee of the claim in controversy. Second. Even if the proof was clear upon this point,

the objection would not be good, for the reason that it does not appear that he bought the demand for *the purpose of commencing a suit thereon.* Under a precisely similar statute relative to attorneys purchasing claims, (2 *R. S.* 288, § 71,) it has been distinctly held, that the mere purchase of the chose in action, &c., is not, of itself, sufficient evidence of the intent mentioned in the statute, but that the intent must be *proved.* Hall and Wife agt. Bartlet, (9 *Barb.* 301;) Bristol agt. Dann, (12 *Wend.* 144;) and see Baldwin agt. Latson, (2 *Barb. Ch.* 306.)

The remaining one is the important point in the case; it arises upon the examination of Josiah McChesney, the original owner, and the assignor of Hathaway, (who assigned to the plaintiff,) of the demand upon which the suit was brought. I assume that no notice of his examination was given, for no proof of the service of such a notice was made. Was he therefore a competent witness for the plaintiff in the suit? The point briefly mentioned is, does the provision of section 399 of the Code, requiring ten days' notice of the examination of an assignor, apply to justices' courts? After a long hesitation upon the point, it having been several times previously to this urged before me, but never yet decided, I am clear in my opinion that it does not, and for the following reasons:

First. It is not made applicable by the Code itself. The only sections which would, or can make it apply, are sections 8 and 64, sub. 15. The first is clearly insufficient, and I think the other is equally so. The subdivision reads as follows: " The provisions of this act, respecting forms of action, parties to actions, *the rules of evidence,* the times of commencing actions, and the service of process upon corporations, shall apply to these (justices') courts." The only clause of this subdivision pertinent to the point, is the one " the rules of evidence," and it is only under it, that the provision under consideration, and which is found in section 399, can be made to apply to our courts of justices of the peace. Is this provision requiring the ten days' notice of an assignor's examination, *a rule of evidence?* I think not. That the substance of the issue only, need be proved, is one of the rules of evidence—that the best evidence

which can be, must be produced, is another—that a person is or not, excluded by reason of interest, or from being a party to the action, another—that a party cannot be a witness in his own favor, is another—that an assignor, even, may be sworn in favor of his assignee, another—in fine, whatever may be given in proof and by whom—the rules that determine the competency and relevancy of evidence, and the competency of the witnesses by whom the evidence is offered to be given, are rules of evidence, but the clause in question comes within neither of these classes. The Code does not provide that no assignor shall be competent, without the ten days' notice having been served ; he is now, as before the Code, competent; but it makes all persons, (with some exceptions not necessary to be mentioned here,) competent witnesses in a cause, with the proviso that assignors shall not be examined in behalf of certain persons, unless a notice of a prescribed number of days is first given to the opposite party. The rule that the assignor is a competent witness is a rule of evidence ; that in certain cases a notice of his examination shall be given to the adverse party, is not, any more than was the rule of the old Court of Chancery, requiring a list of the witnesses to be examined, to be served by one party upon the other. The witnesses were all competent without the service of this list, and yet its service was so necessary, that if not made, the witness could not be examined, and an adjournment must be had for a sufficient time to make it. A rule which regulates the competency itself of a witness, is undoubtedly a rule of evidence—one which merely regulates his examination, or his coming into court, is a rule of *practice* merely. I infer, therefore, that this provision requiring the ten days' previous notice, is not a "rule of evidence," and is, consequently, inapplicable to justices' courts.

I have been unable to discover an authority bearing directly upon this question, but the case of Cornell and others agt. Smith, (2 *Sand. S. C. R.* 290,) may be considered as having some bearing upon it. It is a decision upon section 57 of the Code of 1848, (for which *section* 64, *sub.* 15, before cited, is now a substitute,) which read as follows : " The provisions of

this act respecting forms of action, *pleadings* and the rules of evidence, and the time of commencing actions, shall apply to the courts of justices of the peace, except that pleadings may be oral, and made at the same time as if this act had not been passed." The question was as to the extent and effect of the application of *all* the rules of pleading thereafter given to justices' courts, and the court held that the provision did not make all of them applicable to those courts, and restricted the operation of the section to the form and manner of pleadings, refusing to extend it also to their effect and operation, as prescribed in title six of the Code, holding that sections 122 and 127 of that (144 and 148 of the present,) Code did not apply to justices' courts, but to courts of record only. This is a restriction of the section no more required than the one I myself am making.

Second. This provision cannot, in very many cases, be made applicable to justices' courts. In some cases, it may be, as where the parties assent to long adjournments, or the defendant has an adjournment on his own motion, for more than ten days. But an assignee plaintiff can never examine his assignor, if this provision really applies to justices' courts, unless the defendant himself procures a sufficiently long adjournment, or assents to one for the plaintiff himself, who can only have, on his own application, an adjournment of eight days, and, consequently, cannot give the ten days' notice, if the defendant is ready for trial, or refuses to grant a longer time than the statutory adjournment. The defendant can thus always deprive the plaintiff of a right to examine a witness given him by the law, and, in fact, use a provision intended only for his security in the higher courts, as a means of entirely preventing a recovery against him in the lower. The Code, thus construed, puts it out of the power of the assignee plaintiff ever to recover, unless the defendant voluntarily waives the benefit of a provision which he has a right to invoke in his own behalf, and the plaintiff's recovery is made dependent, not on the merits, but the will of the defendant alone. I cannot think such was the

intention of the makers of the Code, or of the Legislature which enacted it.

But, to this view of the case, it is urged that the plaintiff may give the notice, at the time of the service of the summons, and thus always have it in his power to give the requisite notice. My answer to this is, that the Code clearly does not contemplate that the notice shall be given before the issue is joined in the cause. The notice is not simply of the examination of the assignor, but is also, of *the points upon which he is to be examined*, and those points, clearly cannot be specified, so as to meet the plain intent of the Code, until the issue is joined and the matters in controversy known. This intent of the Code is, that the notice shall specify those points only which are at issue and upon which the assignor is to be examined, that the opposite party may prepare to meet them, and them only, a thing which is impossible if the notice is given before the issue itself is made, and the assignee thereby knows the points upon which the controversy is to arise, and evidence is needed, or whether, after all, there is a necessity for any examination of the assignor, and, if there is, the precise points and those alone, upon which the examination is necessary. Could the notice be given at the time of the service of the summons, in a suit in the Supreme Court? I think not, and the same rule would apply to one before a justice. If given before issue joined, the notice must necessarily be a broad one, so as to meet any possible issue, and, consequently, so far as the opposite party is concerned, it might as well be a notice simply of the examination only, and have no reference whatever to the matters upon which that examination is to take place.

Again : in cases of non-residents, a strict application of this provision to justices' courts would not only be a very onerous one, but would amount to an implied repeal of the statutes relative to such parties. These statutes, by providing for a short summons in such cases, contemplate speedy trials, unless good cause exists for adjournments; but this statute, if applicable to our lower courts, will, in all cases, compel a non-resi-

dent assignee plaintiff to wait at least twelve days, (or ten if notice may be given when the summons is served,) before he can bring his cause to trial. Under the provisions of the Revised Statutes but *two* days were necessary for this purpose, for in that time issue might be joined, and the trial had, unless the defendant, for good cause shown, postponed it. If the notice has to be given, the plaintiff must wait his eight or ten days longer, the defendant then having the same right to an adjournment as before. I cannot think that the Code can be justly charged with this repeal (though it be but an implied one,) of these beneficent provisions of our old statutes.

Knickerbocker agt. Aldrich and others, (7 *How. P. R.* 1,) has been cited by the counsel for the appellant, as an authority against this construction of the provision under consideration. All that was necessarily decided in that case, is, that the provision applies to all cases *in the Supreme Court.* The action was in that court, and nothing was said as to justices' courts, nor was it necessary or proper that there should be, while the case itself is of questionable authority. The judgment of the justice must be affirmed. Judgment affirmed.