### WEST v. KURTZ.

*(Common Pleas of New York City and County, General Term. June 4, 1888.)*

ATTORNEY AND CLIENT—PURCHASE OF BOND BY ATTORNEY—RIGHT TO MAINTAIN ACTION.
     In an action by an attorney on a bond assigned to him, the issue was whether plaintiff bought the bond in violation of the statute forbidding an attorney to buy a chose in action for the purpose of bringing suit thereon. The court refused a charge for plaintiff, that if he received the bond as collateral for an advance of money, the transaction was not within the statute, and charged that the transaction was within the statute unless the bond was transferred without intention of bringing suit thereon. *Held,* that the charge and the refusal to charge were erroneous, as the statute is not violated unless the primary purpose of the transfer is to bring suit.

On motion for reargument.

Action on a bond brought by Albert F. West against Wm. Kurtz. Judgment for defendant, and plaintiff appeals.

Argued before LARREMORE, C. J., and DALY and ALLEN, JJ.

ALLEN, J.   This is a motion for a reargument of the appeal from the judgment in favor of the defendant.   The action was brought upon a bond by the defendant to one Henry Kurtz, which was assigned to Zimri West, and by him assigned to the plaintiff in this action.   One of the principal questions litigated on the trial was the alleged taking of the bond by the plaintiff, who is an attorney at law, with the intention of bringing suit upon it.   We think the motion for a reargument should be granted.   We are led to this conclusion not because we think that any evidence was overlooked or that there was not evidence to support the verdict of the jury, but for the reason that we think the general term overlooked an exception by the plaintiff to the refusal of the trial judge to charge a request which presents a question decisive of the case.   The request and exception to which we refer will be found at folios 119 and 120 of the case.   The court was asked to charge that if the jury believed that the bond was transferred to the plaintiff as collateral for an advance of moneys made on February, 1885, that that took the transaction out of the operation of the statute respecting the bringing of suits by attorneys in their own name, and that the jury should find for the plaintiff on that branch of the case.   The court refused to charge this request, stating: "I can hardly say that.   It was not taken out of the statute unless transferred free from the intention of bringing the suit; and I think if so taken that it is right to charge as you request."

With this request and exception on the record, we cannot say that the case was submitted to the jury in strict accordance with the authorities.   The authorities hold that the mere fact of the purchase of the bond, mortgage, etc., by an attorney is not evidence of a purchase "with the intent and purpose" of bringing an action thereon.   *Hall* v. *Bartlett*, 9 Barb. 301; *Bristol* v. *Dann*, 12 Wend. 144; *Moses* v. *McDivitt*, 88 N. Y. 62.   An attorney may purchase for investment or for profit, or for the protection of other interests, and the purchase is not made illegal by an intent to bring suit, if necessary, for collection.   *Moses* v. *McDivitt*, 88 N. Y. 62.   To constitute the offense, the primary purpose must be to bring suit, and the intent to bring the suit must not be merely incidental and contingent.   Id.   The purchase must be made for the very purpose of bringing such suit, and this implies an exclusion of any other purpose.   Id.   Now, in this case the defendant did not rely on the mere fact of purchase to prove the offense, but insisted that the facts showed that the plaintiff had not bought the bond for investment or profit or protection of other interests, but solely to bring the suit, and claimed that the proof showed it.   The plaintiff, on the other hand, testified that there was an oral assignment of the bond to him in February, as security for a loan.   It was a question for the jury whether he spoke the truth as to this transaction, and his credence as an interested party had to be submitted to the jury.   The jury may not have believed him, as perhaps they did not; but we cannot positively say whether the jury found that the plaintiff took the bond for the sole purpose of bringing suit, (and we think there was evidence upon which they might have so found,) or whether they found, having in view the ruling of the trial judge, upon this request, that while the bond may have been transferred as collateral security for a loan of money, it was not so transferred free from the intention of bringing suit.   We think a question decisive of the case was presented by this exception which was overlooked by the appellate court, and which justifies us in ordering a reargument of the appeal.

LARREMORE, C. J., concurred.