## WEST v. KURTZ.

*(Common Pleas of New York City and County, General Term. December 3, 1888.)*

CHAMPERTY AND MAINTENANCE—PURCHASE OF CHOSE IN ACTION BY ATTORNEY.

A request to charge that, if plaintiff took the bond in suit as collateral for money loaned, the transaction is not within the statute forbidding an attorney to purchase a chose in action for the purpose of bringing suit on it, having been refused, the charge that the transaction was within the statute unless the bond was taken without any intention of bringing suit is misleading, as the statute is not violated unless the purchase is made with the primary intent of bringing suit.

Appeal from trial term; DALY, Judge.

Action by Albert F. West against William Kurtz on bond assigned to plaintiff. Plaintiff appealed from a judgment for defendant, which was affirmed

by the general term, but a reargument was ordered. For opinion on motion for reargument, see 2 N. Y. Supp. 110.

Argued before BOOKSTAVER and VAN HOESEN, JJ.

*A. F. West,* (*Charles P. Daly,* of counsel,) for appellant. *E. Ellery Anderson,* for respondent.

BOOKSTAVER, J. This action was brought to recover the balance due on a bond given by the defendant to Henry Kurtz, and by him assigned to Zimri West, who subsequently assigned to the plaintiff, his son; the latter claiming it was so assigned as collateral security for moneys loaned. The defendant interposed three defenses: *First,* payment; *secondly,* that the plaintiff, being an attorney, took the bond for the purpose of bringing an action thereon; and, *thirdly,* usury. Only the second and third defenses were litigated on the trial. The jury were instructed by the court to answer two questions: (1) Did the plaintiff purchase the bond in suit with the intention and for the purpose of bringing an action thereon? This they answered in the affirmative. The second question was in relation to the alleged usury, and this they answered in the negative. A general verdict was thereupon rendered for the defendant; hence this appeal.

When the appeal was first before a general term of this court, the judgment was affirmed,[1] but afterwards a reargument was ordered, because an exception taken to the ruling of the trial judge on a request of the plaintiff to charge a proposition relating to the question first submitted to the jury had been overlooked. And this, we think, is the only question necessary for us to examine at this time, as the other points argued are based upon the testimony in the case, which may be changed if a new trial is had. The statute prohibiting attorneys and counselors at law from buying bonds, promissory notes, etc., with the intent and for the purpose of bringing actions thereon, was enacted to prevent an evil more common in former times than now; hence there are not many recent decisions on the subject, but we think former adjudications fully establish the following propositions: *First.* The mere fact of the purchase of a bond, mortgage, etc., by an attorney, is not evidence of a purchase with the intent and for the purpose of bringing an action thereon. *Hall* v. *Bartlett,* 9 Barb. 301; *Bristol* v. *Dann,* 12 Wend. 144. *Second.* An attorney may purchase bonds, etc., for investment or for profit or for the protection of other interests, and the purchase is not made illegal by an intent to bring suit, if necessary, for collection. *Moses* v. *McDivitt,* 88 N. Y. 62. *Third.* To constitute the offense the primary purpose must be to bring suit, and that intent must not be merely incidental and contingent. *Moses* v. *McDivitt, supra.* And, *fourth,* that the purchase must be made for the very purpose of bringing suit. *Moses* v. *McDivitt, supra.* The body of the charge was not excepted to, because those rules of law were not stated with sufficient clearness; but at the conclusion of the charge the plaintiff's counsel requested the court to charge "that, if the jury believe that the bond was transferred to the plaintiff as collateral for an advance of moneys made in February, 1885, that that took the transaction out of the operation of the statute respecting the bringing of suits by attorneys in their own name, and that the jury should find for the plaintiff on that branch of the case." This request the court might well have refused to charge, because the taking of the bond as collateral might be innocent or might be illegal, depending upon the intent and purpose for which it was taken. If taken to secure an existing debt, with the intention of bringing a suit thereon, if necessary, for collection, the transaction would not be obnoxious to the statute; but if taken with the primary intention of bringing an action thereon, such intention, not being the mere contingent purpose of bringing a suit in case of failure to collect,

---

[1] No opinion.

but forming the primary and. moving purpose in procuring the transfer, would bring it within the statute, and make the transaction illegal. But the learned judge, instead of refusing, said: "I can hardly say that. It was not taken out of the statute. unless transferred free from the intention of bringing a suit. I think, if so taken, that it is right to charge as you request." To which plaintiff excepted. This statement we think too broad, and it may have misled the jury. Doubtless the learned judge had still fresh in his mind the limitations to the prohibition against such transactions by attorneys he had stated in the body of the charge. But the average juror drawn from ordinary business pursuits cannot be supposed to be as familiar with the law governing a prohibition aimed at a special class, and affecting a few only, as he is with those laws affecting the rights and property of every person in the community; and hence the necessity that instructions on the less familiar laws governing particular subjects should always be clear and specific, accompanied by such limitations and qualifications as the nature of the case demands. As before shown, the mere purchasing or obtaining title to a bond, etc., by an attorney, is itself colorless. It is legal or illegal, according to the intent and purpose with which the transaction is entered into by the attorney.. He may have the intention at the time of procuring the security to bring suit upon it, if necessary, for its collection, and yet the transaction would not be illegal. But the ruling of the learned judge, that the transaction was not taken out of the statute unless the bond was transferred "free from the intention of bringing suit, may well have led the jury to think they should find for the defendant, even though they found from the evidence that plaintiff's only intent was to sue in case it was necessary for the collection of the money due on the bond. The ruling did not clearly set before the jury the fact that the only thing prohibited by the law was the purchase of securities with the primary intent and purpose of bringing an action thereon. For this we think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN HOESEN, J., concurs.