Matter of Gibbs.

---

## SUPREME COURT.

In the Matter of the application of MINERVA C. GIBBS for surplus moneys arising under a statutory foreclosure.

*Surplus moneys — application for distribution of — Costs.*

Proceedings under chapter 804, Laws 1868, for the recovery of surplus moneys arising upon mortgage foreclosures by advertisement are special statutory proceedings.

Successful claimants may, in the discretion of the court, be allowed costs under chapter 270, Laws 1854, at the rate allowed for similar services in civil actions.

Proceedings for the recovery of surplus moneys arising upon foreclosures by action are proceedings in the action, and are similar to proceedings under chapter 804, Laws 1868. When costs are allowed, they must be at the rate allowed in proceedings for the recovery of surplus moneys arising upon forelosures by action, *i. e.,* necessary disbursements and motion costs.

*Chenango adjourned Special Term, March,* 1880.

*George M. Tillson,* for motion.

*Smith Brothers,* opposed.

Matter of Gibbs.

FOLLETT, *J.*— Chapter 804, Laws 1868, requires that sur-plus moneys arising upon statutory foreclosures be paid to the clerk of the county in which the premises sold are situated. By this statute persons claiming the surplus are authorized to file claims to the fund with the clerk, and apply at a special term for a reference to ascertain and report the several liens upon the fund, their priorities, and the amount due the claimant and all others. Notice of the application must be served upon all persons upon whom the notice of sale was served, and upon all persons filing claims. The notice must be served in the same manner that·a summons for the commencement of an action is served, and the same proof of service must be made (*sec.* 3, *chap.* 804, *Laws* 1868). Under a statutory foreclosure, occurring since this statute, a surplus was paid to a clerk. Two persons filed claims, each claiming one-half of the fund, and one obtained a reference. Both claimants and a judgment creditor appeared on the refer-ence. The judgment creditor contested the liens of the claimants, but was defeated, each claimant being awarded one-half of the surplus. The claimant who instituted the pro-ceedings moves that the report be confirmed, which is not contested, for his disbursements, which are not contested, and for costs under the Code as in an action, claiming the follow-ing items:

| | |
|---|---|
| Two dollars for each additional person necessarily served, not exceeding ten...................... | $20 00 |
| One dollar for each person necessarily served in excess of ten ................................ | 13 00 |
| For all proceedings before notice of trial ......... | 25 00 |
| For all proceedings after notice and before trial.... | 15 00 |
| For the trial of an issue of fact .................. | 30 00 |

The contesting claimant concedes that twenty-four persons were necessarily served with notice of the application for reference, but insists that only the disbursements and the costs for the two motions can be allowed.

This proceeding is a statutory remedy in addition to the remedy by action which latter undoubtedly may be resorted to in case of conflicting rights. It is, beyond controversy, a special statutory proceeding instead of an action. A statutory foreclosure is not an action (*Hall* agt. *Bartlett*, 9 *Barb.*, 300). "In special proceedings, and on appeals therefrom, costs may be allowed in the discretion of the court, and when allowed, shall be at the rate allowed for similar services in civil actions " (*sec.* 3, *chap.* 270, *Laws* 1854).

I am of the opinion that in this proceeding costs are allowable, and only allowable by virtue of the above-quoted section. In this case, the court, in the exercise of its discretion, allows the claimant costs, and the only question is, as to the amount.

In proceedings for the recovery of surplus moneys it is settled, at least in the first and third departments, that only disbursements and motion costs are allowable (*McDermott* agt. *Hennesy*, 9 *Hun.*, 59 ; *Wellington* agt. *The Ulster County Ice Co.*, 5 *N. Y. W. Digest*, 104 ; *Hebrank* agt. *Colell*, 2 *N. Y. Monthly Law Bulletin p.* 39). Notwithstanding the dictum in *Elwood* agt. *Robbins* (48 *How.*, 108), I think proceedings for the recovery of surplus moneys arising under foreclosures by action are not special proceedings but are proceedings in the action (*Mutual Life Ins. Co.* agt. *Bowen*, 47 *Barb.*, 618). The proceedings in this case are more nearly similar to proceedings for the recovery of surplus moneys arising under foreclosures by action, than they are to actions. Except in the single particular of the service of the notice of application for a reference, the proceeding in both cases to obtain surplus moneys, are identical. Indeed, the statute expressly makes them so. "Except, as herein otherwise provided, all proceedings under this act shall be such as are prescribed from time to time by the supreme court relative to the surplus moneys and the distribution thereof, which have arisen upon sales ordered by that court " (*sec.* 4, *chap.* 804, *Laws* 1868). Under section 3, chapter 270, Laws 1854, authorizing the allowance of costs, "at the rate allowed for

Mojarietta and another agt. Saenz and others.

similar services in civil actions," the rate prescribed in *McDermott* agt. *Hennesy* and *Wellington* agt. *The Ulster County Ice Co.* (*supra*), must prevail.

The moving claimant is allowed ten dollars for her motion for the reference, and ten dollars for her motion for confirmation and disbursements, payable out of the fund.