## HALL and wife *vs.* BARTLETT.

A mortgage is a chose in action.   The statute prohibiting attorneys, &c. from buying choses in action with the intent or for the purpose of bringing suits thereon, extends to suits in equity.

But a proceeding to foreclose a mortgage by advertisement, is not a *suit* in any court, within the meaning of that statute.

The mere *purchase* of a chose in action, by an attorney, is not of itself sufficient evidence of the intent mentioned in the statute.   The illegal intent and purpose must be proved.

As a general rule, bare intention, without an illegal act, is not punishable. *Per* HAND, J.

A demurrer admits the facts that are relevant and well pleaded, but not conclusions of law.

THIS cause came on for argument upon a demurrer to the complaint, and at the same time the defendant moved to dissolve an injunction.   The injunction was granted by a county judge, *ex parte,* upon the complaint and affidavits.   The motion to dissolve was made upon the pleadings and upon affidavits on the part of the defendant

The complaint stated that on the 13th day of June, 1839, Hill, the plaintiff, executed a bond and mortgage to one Stephen Smith, and on the 8th of March, 1849, Hill and wife executed another bond, with a mortgage upon the same parcel, to William Smith.   That a short time previous to the 26th of April, 1850, these bonds and mortgages were assigned to the defendant, who was an attorney and counselor of this court; and that the defendant immediately commenced the foreclosure thereof by advertisement, and served a copy of the notice on the plaintiff and his wife.   It further alledged, that the bonds and mortgages were bought by the defendant, with intent and for the purpose of bringing a suit thereon, contrary to the statute; and the plaintiff and another person made affidavits in support of the complaint, which were attached thereto; and also, new affidavits to the same point, to oppose the motion.   The defendant swore

VOL. IX.          38

that he received an assignment of the bonds and mortgages in payment of a pre-existing debt of $192, for money lent, and that he was to refund the balance after paying his debt; that the assignment was made to him on the 25th of April, 1850, and that he had begun to foreclose them upon the express order of Smith, and denied the purchase with intent, &c. His affidavit was corroborated by the affidavit of William Smith. The defendant demurred to the complaint, specifying as causes, the misjoinder of the plaintiff's wife, which was not pressed upon the argument; that the complaint did not state a case which gave the court power to grant the relief asked; that the purchase of a bond and mortgage for the purpose of foreclosing by advertisement and sale was not within the statute, and that the statute was no impediment to the foreclosure.

*C. S. Lester,* for the motion and in support of the demurrer, contended that a mere mortgage is not a chose in action. That no action would lie upon a mortgage. That the bonds and mortgages were received in payment of a debt. That a foreclosure by statute is not an action, and so there was no evidence of an intent to sue; and this is a penal statute. That if the transfer was illegal, no title passed by the assignment, and the proceedings of the defendant to foreclose could do no harm to the plaintiff. That the statutes only apply to suits at law, and the only penalty in civil proceedings, is by nonsuit. And lastly, that the whole equity of the bill was denied. He cited *Hall* v. *Gird,* (7 *Hill,* 588;) *Jackson* v. *Dominick,* (14 *John.* 443;) 2 *Black. Com.* 397; 2 *Kent,* 351.

*A. Meeker,* contra. He cited *Baldwin* v. *Latson,* (2 *Barb. Ch. R.* 306;) *Mann* v. *Fairchild,* (5 *Barb. S. C. R.* 108;) *People* v. *Walbridge,* (3 *Wend.* 129.)

HAND, J. The statute upon which the plaintiff relies reads as follows: " No attorney, counselor, or solicitor shall directly, or indirectly, buy or be in any manner interested in buying any bond, bill, promissory note, bill of exchange, book debt, or other

thing in action, with the intent or for the purpose of bringing any suit thereon." (2 *R. S.* 288, § 71.)

It is said that a mortgage is not a *chose* in action. It can not be denied that a bond is within the statute, for it is specified, and beside is a *chose* in action. And it seems hypercriticism to say that a mortgage which is merely a security for the bond, and would pass as an incident to it upon the assignment of the latter, is not a *chose* in action. (*Waring* v. *Smyth*, 2 *Barb. Ch. R.* 119) It is true *choses* in action are said to be things wherein a man is not possessed, but is put to his action for the recovery of them. (1 *Lill. Ab.* 378.) And a chose has been defined to mean the legal interest possessed by a party in a contract or right, which, in case of opposition can not be reduced into beneficial enjoyment without an action or suit. (5 *Petersd. Ab.* 404 ; *And see* 11 *Paige*, 183 ; 4 *Denio*, 80.) But it is not confined to claims to personalty. A condition and power of re-entry into land upon a feoffment, gift or grant, before the performance of the condition, is of the nature of a chose in action. (*Tom. Dic.* " *Chose.*") Though the sale of a mere right or claim to the realty is prohibited by another statute. Formerly a mortgage was treated as an estate, defeasible upon a condition subsequent, (*Burch* v. *Wright*, 1 *T. R.* 65,) and the case of *Post* v. *Arnott*, (2 *Denio*, 344,) has restored to it some of its former qualities, after the law day. Still in this state it seems, it is now a lien upon, and not a title to, or in, land ; a mere security for debt, the bond being the debt, or evidence of it. (4 *Kent*, 161. *Gardner* v. *Heartt*, 3 *Denio*, 232. *Bush* v. *Davison*, 16 *Wend.* 656.) The two instruments in some respects may be considered as one, and the sale of the land by the foreclosure of the mortgage, consequently, is one mode of enforcing the payment of the bond. I think the objection, that this is not a *chose* in action, clearly is not good.

But is there anything alledged in the complaint evincing an intent to sue? In *Gird* v. *Hall*, Beardsley, J. thought this statute did not extend to cases in chancery. (7 *Hill*, 588.) Chancellor Walworth, however, thought differently in *Baldwin* v. *Latson*, (2 *Barb. Ch. R.* 306.) The point did not really arise

Hall v. Bartlett.

in either case, and what was said was *obiter*. With all deference, I think cases in equity are included. The prohibition is against buying "with the intent and for the purpose of bringing any suit thereon." The subsequent provisions enabling the defendant to examine the party in actions of debt, covenant, and assumpsit, did not apply to proceeding in equity; but the prohibition is general, and neither the spirit nor the letter of the statute limits its operation to any particular court. "If a right," says Chief Justice Marshall, "is litigated between parties in a court of justice, the proceedings by which the decision of the court is sought, is a suit." (*Weston* v. *The City of Charleston*, 2 *Pet. R.* 464.) Suit and action are often synonymous; though an action may be considered a form of a suit; and the latter is often applied to proceedings in equity, and actions to those at law, up to judgment. "Suit" is a comprehensive term; and there is no reason why the statute should not exend to the like evil of buying *choses* in action to sue in chancery, as at law.

But a proceeding to foreclose a mortgage by advertisment is not a suit. The attorney gets costs, and the evil may be as great, but this is a penal statute, and it can not be extended beyond its natural meaning. Such a proceeding is merely the act of the mortgagee, executing the power of sale given to him by the mortgagor. (*Jackson* v. *Dominick*, 14 *John.* 443.) In no sense is it a suit in any court, and all the definitions of that word require it to be a proceeding in some court. (*And see Code*, §§ 1, 2, 3.) A sale by foreclosure is entirely *ex parte*, and if unauthorized or illegal, the objection can be taken whenever the proceedings are properly brought in question. (14 *John.* 443. *And see* 5 *Hill*, 272; 11 *Paige*, 627; 8 *Id.* 221; 4 *Id.* 58, 526; 5 *John. Ch.* 35.) Even in ejectment by Bartlett, if there should be evidence of an illegal purpose or intent within the statute, I think it may be objected that the power to sell never vested in him by the assignment. Whether this would be so if a third person bid off the premises, it is not necessary now to decide. (*Jackson* v. *Henry*, 10 *John.* 185. *Cameron* v. *Irvin*, 5 *Hill*, 272.) In *Mann* v. *Fairchild*, I held that the avowal of such intent and

Hall v. Bartlett.

purpose in making the purchase, followed by a suit, were sufficient evidence. (5 *Barb. S. C. R.* 108.) (It is proper to say, that the reference there made to the "former statute" was to that of 1813, (1 *R. L.* 417, § 7,) and not to that of 1818.) But here there is no *suit*, and the mere purchase of a chose in action is not, *per se*, within the statute. (*Bristol* v. *Dann*, 12 *Wend.* 144.) Under the act of 1818, by the act of buying, the crime was complete. (*People* v. *Walbridge*, 6 *Cowen*, 507; *S. C.* 3 *Wend.* 120.) The statute of 1807, (re-enacted in 1813,) in terms required the commencement of a suit. Our present statute is not in the same language, but it must have been intended to change the law of 1818, and the illegal intent and purpose must be proved. I do not say this can not be done by the declarations and admissions of the party, as well as by his acts. The statute now does not expressly require the actual commencement of a suit. But I think the purchase itself, is not alone sufficient evidence of the intent. That would be presuming that a suit would be necessary, as well as a criminal intent to bring it. The same act that avoids the assignment, is a crime, of which intent to sue is a component and material part, and can not be presumed without any proof. As a general rule, bare intention without an illegal act is not punishable in this country; and here it is only so as connected with the purchase, to which it gives a criminal character. In this case, it is averred that the bond and mortgage were bought in violation of this statute. But that allegation is a mere conclusion of law, and the only fact stated is, that the defendant is foreclosing by advertisement. A demurrer admits the facts that are relevant and well pleaded, but not conclusions of law. (*Ford* v. *Peering*, 1 *Ves. jun.* 78. *Story's Pl.* 452, *and cases there cited.*) The facts alledged, as we have seen, are not sufficient evidence of the intent, to bring the case within the statute. This view of the case renders it unnecessary to inquire as to the effect of the Code. (§§ 2, 69, 303.)

Notwitstanding the assignment in a proper case would be void, I think the offending party may be restrained. This might be advisable rather than for the other party to run the risk of liti-

gating, perchance, with *bona fide* purchasers. (*Vechte* v. *Brownell*, 8 *Paige*, 212.)

The defendant, on the motion, makes out pretty satisfactorily that he received the bonds and mortgages in security for an antecedent debt. But it is not necessary to look farther than the pleadings in this case. The injunction must be dissolved and there must be judgment for the defendant, with costs.

Judgment for defendant.

ALBANY GENERAL TERM, September, 1850. *Watson, Parker and Wright*, Justices.