HAYES vs. FREY and others.

*February 13 — March 14, 1882.*

PRACTICE. *(1) Separate trials for several defendants: pendency of appeal by one defendant.  (2) Discretion of court as to continuance.*
DEED: MARRIED WOMAN.  *(3) Taking wife's acknowledgment.*
FORECLOSURE SALE without action:  *(4) Must comply with statute.  (5) Presumption in favor of sale.  (6) Sale by foreign executor: what preliminary steps required.  (7) Who takes the mortgage "by assignment." (8) Sec. 3267, R. S., considered.  (9) Sale: under power: statute of limitation.  (10) Certificate of sale: misrecital as to time when deed issues; absence of a seal.  (11) What officer executes deed.*
DEPOSITION:  *(12) When taken before notary, how authenticated.*

1. Where one of several defendants has obtained a separate trial and judgment, and the action against him is pending on an appeal to this court, the court below may still proceed to try the action between the plaintiff and other defendants; and if the original pleadings are still on file here, the want of them may be supplied by furnishing copies for the use of the trial court.

2. The continuance of a cause for absence of witnesses is a matter within the discretion of the court.

3. Sec. 12, ch. 59, R. S. 1849 (which required a married woman's acknowledgment of a deed executed by her jointly with her husband to be taken separately, etc.), was repealed by sec. 2, ch. 229, Laws of 1850; and it was impliedly repealed as to all real estate conveyances made by a married woman of her separate estate, by sec. 3, ch. 44, Laws of 1850.

4. No valid foreclosure of a mortgage of land by virtue of a power of sale without suit expressed in the instrument, could be had under ch. 154, R. S. 1858, unless proceedings were taken in substantial compliance with that statute.

5. The party who, in subsequent litigation, relies upon a foreclosure sale under a power, is not bound to show in the first instance that no action or proceeding had been instituted at law to recover the mortgage debt; but one who seeks to invalidate the sale has the burden of proof in that respect.

6. The executor of a deceased mortgagee, acting under letters testamentary duly granted in another state, may execute a power of sale in the mortgage, of land in this state, without having the will probated here; and, prior to ch. 20 of 1869, he might do so without filing a copy of his letters testamentary in any public office in this state.  *Hayes v. Lienlokken,* 48 Wis., 509, distinguished.

7. The executor in this case was also made by the will a residuary legatee, but there were special money bequests to other persons and no special bequest of the note and mortgage here in question to the executor. *Held*, that he took the property in the first instance as executor, and not by "assignment" within the meaning of ch. 154, R. S. 1858.

[8. The effect of ch. 20 of 1869 (now sec. 3267, R. S.), somewhat considered by Taylor, J. But that statute was not in force when the proceedings by the executor here in question were had.]

9. The validity of a sale under a power in a mortgage is not affected by the fact that the statute of limitations had run upon the note secured by the mortgage.

10. The fact that the certificate of such a sale recited that a deed would not be issued until *two years* (instead of one) after the sale, does not invalidate a deed issued after the two years had expired; and a failure to attach a seal to the certificate is not a fatal defect.

11. Under sec. 12, ch. 154, R. S. 1858, the deed of land sold at such a sale may be executed either by the officer who made the sale and whose term has expired, or by his successor in office.

12. In case of a deposition taken without the state before a notary public, under sec. 4112, R. S., the certificate of such notary need not have attached thereto any certificate of his official character. Sec. 4203, R. S., has no reference to such depositions.

APPEAL from the Circuit Court for *La Crosse* County.

Ejectment, to recover the possession of real property in the city of La Crosse. The case is thus stated by Mr. Justice Taylor: "The plaintiff claims title to a tract of land, containing about 13½ acres, described in the complaint as the S. ½ of the S. W. ¼ of the N. W. ¼ of sec. 5 of township 15 north, range 7 west, and known as lot 4 of Rublee & Gillett's addition to the city of La Crosse. The defendants claim in severalty separate lots in said addition, and served separate answers. They claim title under a mortgage given upon said tract of land by F. M. Rublee and Sarah W. Rublee, his wife — now *Sarah W. Hayes*, the plaintiff — to Linus H. Mooney of the county and state of New York, dated July 28, 1858, and duly recorded on the 26th of August following. The evidence for the plaintiff shows that she was seized in fee as the absolute owner of said land on the 6th day of October, 1856; and if

her title was ever divested, it was by virtue of the mortgage aforesaid, and certain proceedings taken to foreclose it, under the statute, by advertisement without action, by virtue of the power of sale contained in the mortgage. The principal controversy in the case arises upon these proceedings. On the plaintiff's part it is contended that the proceedings were void for irregularity, and did not divest the plaintiff of her title. Her counsel also raise a question upon the practice in this case, which they claim should reverse the judgment. One of the defendants to the action, John Lienlokken, who had answered separately, had also procured a separate trial, in which judgment had been rendered in favor of the plaintiff, which was affirmed on an appeal to this court. See 48 Wis., 509. When the action as between the plaintiff and the other defendants was called for trial, plaintiff objected to proceeding therein and asked for a continuance, first, upon the ground that the record in the action was in the supreme court, and had not yet been remitted to the circuit court; and secondly, on the ground of the absence of some of plaintiff's witnesses. The objection was overruled, and the motion denied." Other facts will appear from the opinion.

There was a verdict for each of the defendants; a new trial was refused; and plaintiff appealed from a judgment on the verdict.

For the appellant there was a brief signed by *M. P. Wing* and *G. C. Prentiss*, her attorneys, with *P. L. Spooner*, of counsel, and oral argument by *Mr. Wing* and *Mr. Spooner*. They contended, *inter alia:* 1. The court erred in admitting the sheriff's certificate of sale and sheriff's deed. The deed was not executed by the proper person. R. S. 1858, ch. 154, secs. 5, 12. The words " other person " in section 12 evidently refer to the " person appointed for that purpose in the mortgage " (sec. 5), but the words " officer or his successor in office" cannot be construed to apply to the officer after his term of office had expired. If the time of redemption expired during the offi-

cer's term, he might execute the deed, otherwise his successor in office should execute it. The certificate of sale was not under seal, and was therefore void, a seal being one of the requisites which no one had authority to dispense with. R. S. 1858, ch. 154, sec. 10. The fixing of the time of redemption at two years instead of one was another failure to comply with the law in an essential particular. If the party making the sale can fix the time of redemption, why have any law on the subject? If the time can be made two years, it can be made two days or twenty years. Nor can the court say that it is for the benefit of the mortgagor to have two years to redeem instead of one. It might affect the amount bid at the sale, or prevent bidders. There is no authority in law for such a sale. In statutory sales the law must be strictly pursued, or the sale is void. *Sherwood v. Reade*, 7 Hill, 431; *Cohoes Co. v. Goss*, 13 Barb., 137; *Thatcher v. Powell*, 6 Wheat., 119; *Denning v. Smith*, 3 Johns. Ch., 332. The person setting up title under foreclosure must show affirmatively the pre-requisites, and that the statutory proceedings have been complied with. And the defendants should have shown affirmatively that no action at law had been commenced to enforce their claim.    2. There was no evidence of any kind in the office of the probate court or elsewhere in this state, at the time of the pretended foreclosure, that the mortgagor was dead, or that the person signing the notice was executor.    A foreign executor has no power to administer upon or dispose of the property of his testator in another state, unless authorized by the laws of that state, and then only in the manner prescribed by law. *Fenwick v. Sears' Adm'rs*, 1 Cranch (S. C.), 259; *Dixon's Ex'rs v. Ramsay's Ex'rs*, 3 id., 319; *United States v. Crosby*, 7 id., 115.    3. The deposition of Thomas C. Davis should have been excluded under the provisions of sec. 4203, R. S., which are mandatory. There is no evidence that the person who administered the oath was a notary public or authorized to administer oaths in the state of

New Jersey; and this is the only statute providing for administering an oath out of the state, to be used in the state. See *Ely v. Wilcox*, 20 Wis., 524. 4. The mortgage and note should have been excluded on the ground that the statute of limitations had run when the attempted sale was made. The debt being barred at that time, the power of sale was no longer effective, and the mortgagee should have resorted to a court of equity to enforce his lien against the mortgaged property. The mortgage did not purport to convey the title which was in Sarah W. Rublee, and the presumption is that she intended to convey only a dower interest. If she conveyed anything more, the acknowledgment should have been in the form prescribed by sec. 12, ch. 59, R. S. 1849, and not under ch. 229, Laws of 1850.

For the respondents there was a brief by *Cameron, Losey & Bunn*, and oral argument by *Mr. Bunn*. They argued, among other things: 1. The sale under the power was valid unless the proceedings were in violation of some express material provision of statute. Foreclosure in this method is as advantageous to the mortgagor as foreclosure by suit, and is to be looked on with favor. *Slee v. Manhattan Co.*, 1 Paige, 70; *Jackson v. Henry*, 10 Johns., 193; *Doolittle v. Lewis*, 7 Johns. Ch., 45; *Wilson v. Troup*, 2 Cow., 202. When this foreclosure took place, there was no statute requiring the executor to file a copy of his authority in the county court prior to commencing proceedings. Ch. 28, Laws of 1860, applies only to actions, and ch. 20, Laws of 1869, was not in force until three years after this foreclosure. Foreign executors gain no new title or authority by filing their letters here; they simply gain an evidence of title. Such filing is not jurisdictional, and the failure to file affords no defense, even in an action, unless it is pleaded in abatement. The objection is purely formal and technical, and the disability may be cured *pendente lite*. In this case the filing of a certified copy of the letters in the office of the county judge, after action brought,

removed the objection entirely. *Smith v. Peckham*, 39 Wis., 418; *Vincent v. Starks*, 45 id., 460; *Moir v. Dodson*, 14 id., 280; *Johnson v. Wilson*, 1 Pin., 65. But the proceeding by sale under a power stands on more favorable grounds than does a foreclosure by suit. The power expressly authorizes a sale by the executor or administrator of the mortgagee, and it was competent for the mortgagor to grant that power to the foreign administrator. The whole foreclosure proceeding is extra-judicial. A foreign executor may collect and discharge debts from residents of this state; he may seize the testator's personal property in this state. He has authority to foreclose and sell real estate as executor without qualifying in this state, and without any evidence of his executorship being furnished to our courts. This has been the settled law for over fifty years in New York, whence we derive our statute. *Doolittle v. Lewis*, 7 Johns. Ch., 46; *Demarest v. Wynkoop*, 3 id., 129. The objection that the certificate of sale is not under seal, is purely technical. The statute (sec. 10, ch. 154, R. S. 1858) is directory to the officer, and designed for the protection of the purchaser. In the mouth of a subsequent purchaser in good faith, it would be an objection, but it cannot avail the mortgagor. Neither can he be heard to complain that it gives him too long a time to redeem. As an evidence of title and of the sale it is superseded by the issuing of the deed, and thereafter plays no part. R. S. 1858, ch. 154, secs. 12, 18, 20. The sheriff's deed was properly executed by the former sheriff. Sec. 12, ch. 154, R. S. 1858, seems clearly to warrant such an execution of the deed, and it is peculiarly proper in this case where the sheriff acts not so much officially as by virtue of the power conferred by the mortgage. Even in foreclosure by suit such a deed executed by the late sheriff is sufficient. *Seeley v. Manning*, 37 Wis., 578; *Herrick v. Graves*, 16 id., 157. And it is well settled at common law that the sheriff who makes a sale must execute the conveyance, though he be out of office. *People ex rel. Dunn v. Boring*, 8 Cal., 407;

*Clerk v. Withers*, 6 Mod., 290; *Wilbraham v. Snow*, 2 Saund., 47; *Allen v. Trimble*, 4 Bibb, 23; *Gibbes v. Mitchell*, 2 Bay, 120; *Lemon v. Craddock*, Litt. Sel. Cas., 252; *Tuttle v. Jackson*, 6 Wend., 224; *Jackson v. Collins*, 3 Cow., 89; *Averill v. Wilson*, 4 Barb., 180; Rorer on Judicial Sales, sec. 753. All the objections urged by the appellant go to the mere regularity of the proceedings, not to their validity. The sale under a power, even when not substantially in compliance with statute, is not strictly void, but voidable at the election of the mortgagor. If he chooses to treat it as valid, notwithstanding irregularities and defects, he may make it so. If he does not act within a reasonable time, he waives his right to object. 2. It is settled that a mortgage may be foreclosed within twenty years, though all personal remedies for the debt be barred by limitation. *Wiswell v. Baxter*, 20 Wis., 680; *Kennedy v. Knight*, 21 id., 340; *Knox v. Galligan*, id., 470; *Cleveland v. Harrison*, 15 id., 670; *Potter v. Stransky*, 48 id., 242; Jones on Mortgages, sec. 1204. 3. Even if not properly acknowledged, the mortgage was, under ch. 44, Laws of 1850, a valid lien without any acknowledgment. *Smith v. Allis*, 52 Wis., 337; *McKesson v. Stanton*, 50 id., 302. But it was properly acknowledged under sec. 2, ch. 229, Laws of 1850. This act is not restricted in operation to a release of dower, but was intended to embrace all cases where a wife joined with her husband in executing a conveyance. See R. S. 1858, ch. 86, sec. 12. 4. No certificate was necessary to show that the person before whom the deposition of Thomas C. Davis was taken was a notary public. No such certificate is required on depositions taken within this state. R. S., sec. 4106. And depositions without the state may be taken in the same manner as those within the state. R. S., sec. 4112; *Williams M. & R. Co. v. Smith*, 33 Wis., 530; *Horton v. Arnold*, 18 id., 220. Sec. 4203, R. S., does not apply to depositions, which are elsewhere provided for, but requires the certificate only upon an oath or affidavit taken without the state. *Ex-*

*pressio unius exclusio alterius.* See *Ruggles v. Bucknor*, 1 Paine, 362; *Price v. Morris*, 5 McLean, 5; *Palmer v. Fogg*, 35 Me., 372; 1 Greenl. Ev., sec. 323.

TAYLOR, J.   We think there was no error in directing the trial to proceed, notwithstanding the original records and papers in the action had been sent to this court on the appeal taken from the judgment in favor of plaintiff against Lien-lokken, and still remained in this court. The action had never been tried as to the defendants in whose favor the present judgment is entered, and as to them the action had not been removed from the circuit court by appeal to this court. The case had been tried only as to Lienlokken, upon an order granting him a separate trial as to the parcel of land claimed in severalty by him, and his appeal from the judgment against him to this court could not divest the circuit court of jurisdiction of the case as to the other defendants. The fact that the original pleadings were in this court, if such was the fact, when the action was called for trial, was not an insuperable objection to proceeding therein. This want of the original pleadings could easily be supplied by furnishing copies thereof for the use of the court on the trial. Whether the action should have been continued upon the motion to continue for want of witnesses, was a matter addressed to the discretion of the court, and we see no reason for holding that such discretion was not properly exercised in this case.

The learned counsel for the appellant have taken many exceptions which relate to the effect of certain conveyances made after the foreclosure sale from the purchaser at such sale to the present occupants, and to the question of the right of the defendants to claim as mortgagees in possession in case the foreclosure sale should be held void; and upon the part of the respondents the same questions are discussed, as well as the question of laches on the part of the appellant. As we have concluded that the defendants by their proofs established

a valid foreclosure of the mortgage, it becomes unnecessary to discuss the questions which arise upon matters occurring after the mortgage sale, and the conveyance thereunder. If the sale and deed in pursuance thereof are not void, then the title of the plaintiff is divested, and as to her and her rights it is immaterial whether the title still remains in the purchaser at the mortgage sale, or in the defendants. Her action fails with the failure of her title.

Upon the main question, the appellant's attorneys, in their printed brief and argument, object to the introduction of the mortgage as evidence because it was not properly acknowledged, as prescribed by section 12, ch. 59, R. S. 1849. There are two sufficient answers to this objection: *First.* Section 12, ch. 59, R. S. 1849, was repealed by section 2, ch. 229, Laws of 1850, and it was impliedly repealed as to all real estate conveyances made by a married woman of her separate estate by section 3, ch. 44, Laws of 1850 — "An act to provide for the protection of married women in the enjoyment of their own property."

The mortgage having been properly executed by the plaintiff, and recorded in the proper office of the register of deeds, the only remaining question of importance to the plaintiff in this action is, Was it properly foreclosed by proceedings under chapter 154, R. S. 1858, which was the law in force upon that subject when it is claimed it was foreclosed? This statute was enacted to regulate the execution of the power of sale given to the mortgagee in the mortgage, and to declare its effect when so executed. It must be admitted that no foreclosure can be had under such power by advertisement without suit, unless the proceedings are taken in substantial compliance with the requirements of that chapter. To entitle a party to foreclose under it, the following facts must be shown to exist: (1) The mortgage to be foreclosed must contain a power of sale upon default being made in any of the conditions thereof. (2) Before any steps are taken under the statute, it must appear that some default has occurred in a condition, by which the power

to sell becomes operative.   (3) No action or proceeding must have been instituted at law to recover the debt then remaining, secured by the mortgage, or if any such action has been instituted, the same must have been discontinued, or an execution upon the judgment rendered therein must have been returned unsatisfied in whole or in part.   (4) The mortgage containing the power of sale must have been duly recorded, and if it has been assigned, all the assignments thereof must have been recorded.

It is not disputed but that the mortgage foreclosed in this case contained a power of sale, nor that a default in the payment of the money secured thereby had been made before the proceedings to foreclose were commenced, nor that the mortgage itself was duly recorded in the proper office.   But it is insisted by the learned counsel who argued this case orally before this court, that neither the proceedings in the foreclosure nor the proofs upon the trial show the third prerequisite, viz., that no action at law had been commenced to recover the debt.   We are inclined to hold that where the proceedings are otherwise regular, they cannot be avoided for this reason, unless the fact that an action had been commenced to recover the debt secured by the mortgage is made to appear on the trial in which it is sought to avoid the effect of the foreclosure, by affirmative evidence.   The party who asserts his right under the foreclosure sale is not bound to make the negative evidence.   This court, in *Vincent v. Starks*, 45 Wis., 453, in giving construction to the act which authorizes a foreign guardian to sue in this state on filing his letters of guardianship when no guardian has been appointed in this state, says: "But the condition that no guardian has been appointed in this state is a negative condition, which it would be practically impossible to prove, even presumptively or *prima facie*, if made an issuable fact by a denial of such allegation.   The fact that a guardian had been appointed in this state is an affirmative allegation, and if proved would establish the inca-

pacity of the foreign guardian to sue in this state; and the *onus* of proving it would by all rules of pleading be upon the party making the allegation; and it would be susceptible of proof." This language is peculiarly applicable to the question in this case. The allegation on the part of the plaintiff is that the proceedings to foreclose are void because it does not appear that no action to recover the mortgaged debt had been commenced when such proceedings were instituted. The statute does not require that the notice of sale or any other proceeding in the case shall show that fact. The plaintiff might perhaps defeat the foreclosure proceedings by proving affirmatively that such an action had been commenced and was pending when the proceedings to foreclose were commenced; but to do so, we think, according to the rules of evidence, the plaintiff should produce the evidence. The case cited by the learned counsel from 4 Ind., 444, is quite different in its circumstances from the case at bar, and we do not think it applicable. If an action had been commenced against the mortgagor, he is supposed to know the fact, and can easily prove it; but if the burden be cast upon the purchaser at the mortgage sale, or his grantee, to prove that no such action had been commenced, it imposes a burden which it would be difficult to remove by proof on his part. We hold that where all the proceedings in a foreclosure by advertisement are regular, the title of the purchaser at the sale, or his grantee, will not be held void because he does not show affirmatively on his part that no action at law had been commenced to recover the mortgage debt, and remained pending when the proceedings to foreclose were instituted. If the proceedings can be avoided by reason of the fact that such an action was commenced and pending, there must be affirmative proof of such fact in the action to avoid the title of the purchaser at the mortgage sale.

The same learned counsel urged, with great force, that the proceedings to foreclose should be held void because at the time of the sale there was no evidence of record anywhere in

this state showing the right of the executor of the mortgagee to sell.  There was neither evidence of the death of the mortgagee nor of the appointment of the person who signed the notice of sale as executor of the deceased mortgagee.  In the case of *Hayes v. Lienlokken*, 48 Wis., 509, this court held that because the defendant did not prove on the trial that the person assuming to foreclose the mortgage by advertisement had any right to act in that behalf, nor that the mortgagee was dead, he did not show a defense against the plaintiff's title.

On the trial in the case at bar, the death of the mortgagee was shown to have taken place, and that the appointment of the person who signed the notice of sale as executor had been made before the foreclosure proceedings were commenced.

The objection which the learned counsel now makes to the proceedings is not that the mortgagee was not dead, or that the person signing the notice of sale was not his duly-appointed executor, but that there was no record evidence of either fact in any office in this state.  This objection is based mainly upon the provision of the statute which says, " if the mortgage shall have been assigned, all the assignments thereof *shall have been recorded* before the proceedings be commenced;" and it is insisted that where an executor or administrator of the mortgagee undertakes to foreclose a mortgage given to his testator or intestate, such executor or administrator comes within the spirit if not the letter of the provision of the statute above quoted, and that his title to the note and mortgage should be of record in some court or public office within this state before the sale is made.

Leaving out of view the provision of the statute above referred to, we think the authorities are clear that an executor of the will of a mortgagee resident in another state, and to whom letters testamentary have been granted by a court of competent jurisdiction in another state, may proceed to foreclose a mortgage by advertisement in the state where the

mortgaged property is situated. Section 60, ch. 85, R. S. 1858, which was in force when this proceeding was had, now section 2156, R. S. 1878, reads as follows: "When a power to sell lands shall be given to the grantee in a mortgage, or other conveyance intended to secure the payment of money, the power shall be deemed a part of the security, and shall vest in and may be executed by any person who, by assignment or otherwise, shall become entitled to the money so secured to be paid." Under this section it is clear that the executor or administrator of the mortgage may execute the power; for, in case of the death of the mortgagee, dying testate but without making a special bequest of the mortgage, or in case of his death intestate, his executor in the first case, and his administrator in the second case, are entitled to the money secured by the mortgage; and we are very clear that in such case neither the executor nor the administrator would hold the note and mortgage by *assignment*, within the meaning of that word in the section above quoted.

But, in addition to the statute above quoted, the power to sell in the mortgage is granted to the mortgagee, his heirs, executors, administrators and assigns; and in the case at bar this power is granted to a mortgagee who is described in the mortgage as a resident of the state of New York at the time the mortgage was given. The language of the grant also makes a clear distinction between assigns and executors and administrators. We think the provision of the statute which requires that when the mortgage has been assigned, the assignment or assignments shall be recorded before foreclosure proceedings shall be commenced, when considered in the connection in which it is found, means an assignment in the ordinary meaning of the term, because only such assignments are authorized by any law of this state to be recorded. The word "recorded" in the statute clearly refers to a record in the office of the register of deeds where the lands are situate. The language is, "that the mortgage containing the power of sale has

been duly recorded, . . . and all the assignments thereof shall have been duly recorded." By looking at the statute regulating the recording of mortgages, we find that they must be recorded in the office of the register of deeds where the lands are situate, and it is quite clear that the recording of a mortgage, or of an assignment thereof, in any other county than where the lands mortgaged are situated, would not be a compliance with the statute. However convenient or useful it would be to have the authority of an executor or administrator recorded in the office of the register of deeds where the mortgage containing the power of sale is recorded, before making a sale under the power, it is quite clear that no such thing is required by the statute above cited. The record spoken of is clearly a record in the register's office, and the assignment is one which the law authorizes to be recorded in such office. The same language is used in requiring the recording of the assignments which is used in requiring the recording of the mortgage; and, as said above, it is quite clear that no record of the mortgage would satisfy the statute except a record thereof in the office of the register of deeds of the proper county. The record of the assignment must therefore be construed to be a record in the same office and no other.

We know of no law which authorizes letters testamentary or of administration to be recorded in the office of the register of deeds. The construction we give to the words "assignment" and "assignee," as used in this statute, was given to the same words in a similar statute by the supreme court of Minnesota, and we think rightly. That court held that the words did not include an executor or administrator, or the title which they derive by virtue of their appointment.

Some stress was put upon the fact that the will under which the executor acted contained a residuary clause devising and bequeathing to him and his associates all the remainder of the real and personal estate of the deceased in trust, etc., and it was argued that, therefore, he held this note and mortgage as

a legatee, and not simply as the representative of the deceased mortgagee, and for that reason he should be considered an assignee within the meaning of the statute. But, in looking at the will, we find several special money bequests to other parties, and no special bequest of this note and mortgage; and, as the legacies must be paid out of the personal property, the executor took the property in the first instance by virtue of his office; and, until all debts, bequests and devises were satisfied, he took nothing under the general residuary clause. As to this note and mortgage he must therefore be treated as holding the same by virtue of his appointment as executor of the estate of the deceased mortgagee.

It is further urged that a foreign executor cannot foreclose a mortgage of property in this state without probating the will in this state and taking out letters here, or filing copies of his foreign letters in the same manner as he is required to do in order to properly maintain an action in our courts. At the time this foreclosure was made, there was no statute requiring a foreign executor to do this before proceeding to foreclose a mortgage; and if it should be held that chapter 20, Laws of 1869, reënacted as section 3267, R. S. 1878, is imperative, it could not affect the proceeding now under consideration, such statute not being in force at the time these proceedings took place. This proceeding to execute the power of sale in a mortgage is not an action or proceeding in court. It is a power granted by contract, and may be executed by the persons to whom the power is granted, unless prohibited by some law of the state, or as being against public policy.

The executor of the mortgagee, although appointed in another state, is within the words of the grant, as well as within the language of section 2156, above quoted, and there is nothing in the statute regulating the sale under the power prohibiting the executor appointed in another state from executing the same. A note and mortgage is personal property both in this state and in the state of New York, and presum-

ably in the state of New Jersey, and upon the death of the owner, in another state, the title vests in his administrator appointed at the place of his death, or, if he die testate, in the executor appointed there. . *Doolittle v. Lewis*, 7 Johns. Ch., 46–49. In the case cited it was also expressly held that an executor appointed in another state could execute the power of sale in a mortgage in the state of New York, without taking out letters. in that state, and especially where the mortgage containing the power was given to a person residing out of the state of New York at the time it was executed. In that respect the case is in all respects like the case at bar, and the foreclosure was under a statute in substance like our statute. This court has frequently held that a foreign executor or administrator may sue in this state, and that the exception to his authority to maintain the action must be taken by plea or demurrer, or it will not avail the defendant. See *Smith v. Peckham*, 39 Wis., 414; *Moir v. Dodson*, 14 Wis., 279; *Sanford v. McCreedy*, 28 Wis., 103; *Ewen v. Railway Co.*, 38 Wis., 627. These cases all hold that the title of the foreign administrator or executor to the money due and personal estate of a person resident in and dying in another state depends upon his appointment in that state, and that an action commenced to foreclose a mortgage in this state, or to recover a debt due to his testator or intestate, may regularly proceed to judgment without filing any certified copies of his appointment in this state, unless objection to his proceeding in the action be taken either by demurrer or plea in abatement. If a foreign executor may foreclose a mortgage by action in this state, we see no reason why he may not execute the power of sale given to him by contract in the mortgage.

It is further suggested by the learned counsel for appellant, that the foreclosure proceedings shall be held void because it appears that the statute of limitations had run against the debt to secure the payment of which the mortgage was given. The court has repeatedly held that a mortgage could be fore-

closed by action although the debt was barred by the statute. See *Wiswell v. Baxter*, 20 Wis., 680; *Kennedy v. Knight*, 21 Wis., 340–347; *Knox v. Galligan*, id., 470; *Edgerton v. Schneider*, 26 Wis., 385; *Potter v. Stransky*, 48 Wis., 242.

There are at least two very good reasons why the statute should not be a bar to the foreclosure by advertisement. The first is that the proceedings are not an action, and the statute of limitations has no application to the case; and the second is that the power to sell is granted whenever there is a *default in the payment* of the money secured by the mortgage. There is no pretense that the money secured by the mortgage was ever paid, and so there was clearly a default in a condition of the mortgage which authorized the execution of the power. Although the statute of limitations as construed by this court may extinguish the right of the creditor to the money agreed to be paid, as well as the right to maintain an action to recover the same, still it does not amount to a payment of the debt. We are quite clear that if a defendant in an action on contract for the payment of money answered that he had paid the amount due on the contract before suit commenced, he could not sustain his answer by showing that the statute had run in his favor before the action was commenced. So in this case it is no answer to the claim of the mortgagee that there was a default in the payment of the money secured by the mortgage, and that by reason thereof the power of sale granted in the mortgage had become operative, that the debt is barred by statute. Such bar is not a payment within the meaning of the condition in the mortgage. If a long period of time had elapsed after the money became due upon the note secured, before the proceedings to foreclose had been commenced, in the absence of any evidence showing that payment had not in fact been made, it is probable the court would presume payment, and so defeat the proceeding. But even in such case, we think, it would be competent to show by proof that no payment had in fact been made, and the proceedings would

be upheld. See *Pratt v. Huggins*, 29 Barb., 277; *Heyer v. Pruyn*, 7 Paige, 465.

In *Thayer v. Mann*, 19 Pick., 535, the court say, in speaking of the right of the mortgagee to proceed upon his mortgage after the debt secured is barred by the statute: "A reference to the condition contained in the mortgage shows that it is to be and remain in full force until the debt shall be paid. The creditor has a double remedy,—one upon his deed to recover the land, and the other upon the note to recover a judgment and execution for the debt; and it does not follow that he cannot recover on the one, although there may be some technical objection or difficulty to his recovery upon the other." Again they say: "The mortgage is given to secure the payment. It is to be discharged and rendered of no effect when the debt is *paid*." So, in the condition of the mortgage under consideration, the power to sell is given when default shall be made in *the payment of the debt*. And as the debt was not in fact paid, nor had such a length of time elapsed after the debt. became due as to raise a presumption of payment, the power of the sale became operative. See also *Bush v. Cooper*, 26 Miss., 599. See also, as bearing upon this question, *Bank of the Metropolis v. Guttschlick*, 14 Pet. (U. S.), 19–32. It may also be remarked that the statute which regulates the sale under the power does not prescribe any limitation as to the time within which the proceedings must be had; and the general statute of limitations applies only to the times within which actions shall be commenced. The fact that the debt secured by the mortgage appears to have been barred by the statute of limitations, is no bar to the proceedings to foreclose under the statute.

We see nothing irregular in the notice of sale, the proof of publication of the same, or the affidavit of the sheriff as to the fact of the sale and the circumstances attending the same.

The fact that the certificate of sale made by the sheriff recited that a deed would not be issued until two years after the

sale, could not prejudice the plaintiff. No deed having been issued until after two years expired, she was benefited rather than injured thereby, as under the circumstances she would probably have been entitled in equity to redeem at any time within the two years instead of one as prescribed by the statute. That the certificate does not appear to have been sealed, is not a fatal defect.

The deed was properly made by the officer who made the sale, though out of office at the time it was made. We think that by the true construction of section 12, ch. 154, R. S. 1858, either the officer who made the sale may execute the deed after the expiration of his term of office, or his successor in office may do so. An execution of a deed by either would be a good execution. See *Prescott v. Evarts*, 4 Wis., 314–320, where a similar section as to the authority of a sheriff out of office or his successor in office to execute a deed on a sale upon execution is construed.

The copy of the will introduced in evidence by the defendant seems to have been duly certified and attested so as to authorize it to be received in evidence. The objection to the deposition of the witness Thomas C. Davis was properly overruled. The certificate shows that it was taken before an officer authorized to take the same (section 4102, R. S. 1878), and was taken and certified as provided by section 4112, R. S. 1878. There was no necessity of attaching to the certificate of the notary any certificate of a clerk or other certifying officer of the official character of such notary. See section 4106. This last section prescribes the form of the certificate which must be attached to a deposition taken under the provision of section 4112. Section 4203, referred to by the learned counsel for the appellant, has no reference to the depositions of witnesses taken out of this state. It relates simply to *ex parte* oaths and affidavits taken out of the state to be used in this state.

Whether the answer to the thirteenth interrogatory was competent testimony or not, is wholly immaterial to the determi-

Evans vs. The St. Paul Fire & Marine Ins. Co.

nation of this case in the view we have taken of the same. It has reference to matters subsequent to the foreclosure sale, and the conveyance of the property in question under that sale. Whatever happened after the title of the plaintiff had been divested by that sale, is wholly immaterial so far as the controversy in this case is concerned. There is no evidence tending to impeach the good faith of the executor in making the sale, or in purchasing the land at such sale, and the sum bid by him is strong evidence of the good faith of the whole proceeding. We think the sale was regularly made under the statute, and that the plaintiff's title was extinguished thereby. There is no necessity, therefore, for considering the other questions presented by the briefs of the learned counsel for the respective parties.

*By the Court.*— The judgment of the circuit court is affirmed.