## GANNON v. FORGOTSTON.

(Superior Court of New York City, Special Term. May 8, 1895.)

USURY—WHAT CONSTITUTES.

    Where a person to whom an application is made for a loan indorses a note for the borrower, and directs him to take it to a certain bank, where it is discounted, a charge made for the indorsement is not usury.

Action by Ellen M. Gannon against John S. Forgotston. Defendant demurs to the complaint. Sustained.

J. Cochrane, for plaintiff.

J. C. Delamare, for defendant.

McADAM, J.   The bill is in equity to enjoin the defendant from foreclosing a chattel mortgage, upon the ground of usury; and (2) that the mortgage be reformed so as to include only property belonging to the plaintiff.   The defendant demurs upon the ground that the complaint does not state facts sufficient to state a cause of action.

1. As to the usury:   The plaintiff alleges that she applied for a loan of $500; that the defendant presented her a promissory note for $500, payable four months after date, and directed plaintiff to present the same at the Mt. Morris Bank for discount; that plaintiff presented the note at the bank, where it was discounted, receiving thereon $490; and that the note was not discounted upon the responsibility of the plaintiff.   The mere fact that the mortgage was for $175 more than the advance does not, under these circumstances, prove usury.   White v. Benjamin, 138 N. Y. 623, 33 N. E. 1037.   In the seventh paragraph of the complaint the plaintiff charges "that said mortgage provided for the payment of $175 to defendant as for fees and charges for indorsement and guaranty on said note, and services in the premises."   This means, in effect, that the defendant indorsed and guarantied the note of the plaintiff, which she procured to be discounted, and that he charged the $175 for his indorsement, guaranty, and services.   Such a transaction is not usurious.   See More v. Howland, 4 Denio, 264, 265; Ketchum v. Barber, 4 Hill, 224, 7 Hill, 444; Kitchel v. Schenck, 29 N. Y. 515; Elwell v. Chamberlin, 31 N. Y. 611; Tyler, Usury, 95, 103, 107, 114 et seq.   The plea should set forth the usurious agreement, if one be relied upon, the names of the parties between whom it was made, the amount loaned, the amount of usury agreed to be paid, the length of time for which the loan was to run, and that the agreement was corrupt.   Manning v. Tyler, 21 N. Y. 567; Griggs v. Howe, 31 Barb. 100; Banks v. Antwerp, 5 Abb. Prac. 411; Maule v. Crawford, 14 Hun, 195; Gould v. Horner, 12 Barb. 601. The demurrer admits the facts alleged, but not the pleader's conclusions.   See Knapp v. City of Brooklyn, 97 N. Y. 520; Bogardus v. Insurance Co., 101 N. Y. 328, 4 N. E. 522; Moak, Van Santv. Pl. (3d Ed.) 783; Hall v. Bartlett, 9 Barb. 301; Story, Eq. Pl. § 454.

2. As to reformation:   There is no allegation of mutual mistake, nor of fraud on the part of the defendant, sufficient to justify the relief sought; and including property not belonging to the plaintiff would not seem to operate to her prejudice.   There must be interlocutory judgment for the defendant, with leave to the plaintiff to amend on payment, within 20 days, of $20 costs,—the trial fee of an issue of law.