[No. 5450.]
[No. 3120 C. A.]

BRERETON v. BENEDICT.

1. **Limitation of Actions—Nature—Effect.**

The statute of limitations operates only to bar the remedy by an action, and not to extinguish the debt or cause of action. —P. 18.

2. **Same—Trust Deed—Trustee's Right to Sell.**

The proceeding by a trustee to sell the property after advertisement, in accordance with the terms and conditions of the trust deed, is not such an action as is barred in six years under Mills' Ann. Stats., § 2900, which refers only to actions brought in court.—P. 18.

3. **Same—Waiver.**

The statute of limitations is a personal privilege granted to a defendant debtor, which he may waive or employ as a means of defense.—P. 19.

4. **Same—Election of Remedies.**

Where a person has two remedies for an enforcement of a right, the one he chooses is not barred by the statute of limitations merely because the other, if he had resorted to it, would have been.—P. 19.

5. **Same—Note Barred by Statute.**

While a trust deed securing a note, giving the power to advertise and sell the property for nonpayment, is a lien upon the property and an incident to the note to the extent that it becomes extinguished by its payment, nevertheless it is such a lien as may be enforced in accordance with the terms of the deed, regardless of the fact that an action in court on the note is barred by the statute of limitations.—P. 19.

*Appeal from the District Court of the City and County of Denver.*

*Hon. Booth M. Malone, Judge.*

Action for an injunction by Carrie F. Brereton against Mitchell Benedict. From a judgment for defendant, plaintiff appeals.    *Affirmed.*

Mr. L. J. LAWS, for appellant.

Mr. A. C. PHELPS, for appellee.

Mr. JUSTICE CASWELL delivered the opinion of the court:

Complaint in this case, as filed in the district court of the city and county of Denver, alleges, in substance, that in 1890 the plaintiff borrowed twenty-five hundred dollars ($2,500.00) from one C. A. Secor, upon a promissory note, payable five years after the date thereof, which was secured by a trust deed of even date upon the property described in said deed, in which Mary L. Cousins was named as trustee and Mitchell Benedict successor in trust; that on about the 21st day of January, 1904, the trustee having resigned and refused to act, the successor in trust, Mitchell Benedict, regardless of, and with full knowledge of, the fact that the trust deed and the note secured thereby was barred by the statute of limitations, and that the plaintiff claimed to be absolved from all liability in the premises, pretending to act by authority as trustee, advertised the property described in said trust deed for sale, in accordance with the terms and conditions of the said deed; and the complaint further alleges that at the time of the proposed sale the said note and trust deed were barred by the statute of limitations, and that the debt evidenced thereby was by said statute extinguished

2

and that the plaintiff had become absolved and free from any and all obligations imposed upon her by the trust deed. The prayer was for an injunction enjoining the said Mitchell Benedict from further advertising and from selling the said property as such trustee.

The answer of the defendant admits the making of the note and the execution of the trust deed, but denies that the note had been paid and denies that the trust deed was barred by the statute of limitations. It also denies that the sale of the property constituted any wrong or injury to the plaintiff, and avers in substance that he had a right to make such sale and that the plaintiff was not entitled to equitable relief.

It is shown by the record and not disputed, that the note was never paid. In two cases decided at this term of the court, *Holmquist v. Gilbert, post,* p. 113, and *Foot et al. v. Burr, post,* p. 192, this court determines practically all of the questions which are involved in the case in hand and upon which this case may properly be decided. In the above cases it is held, (1) That our statute of limitations operates only to bar the remedy by an action, and not to extinguish the debt or cause of action, citing *Grant v. Burr,* 54 Cal. 300; *Farmers' L. & T. Co. v. Denver L. & G. Co.,* 126 Fed. 46; *Menzel v. Hinton,* 132 N. C. 660; Jones on Mortgages (6th ed.), § 1203.

(2) That our statute which reads, "The following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards," applies only to suits brought in court, and that the proceeding by a trustee to sell the property after advertisement, in accordance with the terms and conditions of the trust, is in no sense an action such as is contemplated by our statute, and that such pro-

ceeding to sell was not barred thereby.—*Hall v. Bartlett,* 9 Barb. 297; *Hayes v. Frey,* 54 Wis. 503; 11 N. W. Rep. 695; *Stevens v. Osgood,* 18 S. D. 247; *Goldfrank v. Young,* 64 Tex. 432. Also that the statute is to be employed as a means of defense. It is a personal privilege granted to a defendant debtor, which he may waive.

(3) That where a party has two remedies for an enforcement of a right, the one he chooses is not barred by the statute of limitations merely because the other, if he had resorted to it, would have been. —25 Cyc. 999, and cases cited; *Fievel v. Zuber,* 67 Tex. 277; *Hayes v. Frey, supra.*

It was further held that, while the trust deed is a lien upon the property and an incident to the note to the extent that it becomes extinguished by the payment of the note, nevertheless it is such a lien as may be enforced under the conditions and by the terms of the trust as embodied in the trust deed, the personal contract of the debtor being in nowise affected by the statute.

The rules stated are applicable to the questions involved in this case and are held to apply. It follows then that the defendant had the right to advertise and sell the property, and that no injunction would lie to prevent such sale. The trial court denied the application for the writ of injunction upon the ground that the plaintiff should not have relief in equity for "he who seeks equity should do equity." That as the debt was unpaid and as it was an honest debt when contracted she should not be relieved from its payment by an equity proceeding. In view of the rules above stated applicable to this case, and for the further reason that the plaintiff could not by such an action be relieved from the debt, even though in an action against her she might have successfully

pleaded the statute of limitations, we think the court was correct in its finding in this respect and that the injunction was properly denied.

The judgment is affirmed.        *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.