## Foot, Individually, etc., et al. v. Burr.

1. **Limitation of Actions—Pleading Statute as Defense—When Proper.**

Where the answer, in an action to quiet title against the holder of a trust deed, alleges that the debt is valid and indisputable, that the trust deed constitutes a lien superior to that of plaintiff, and that defendant had a right to sell the property thereunder and apply the proceeds to the debt, the bar of the statute of limitations may be pleaded against such affirmative allegations.—P. 194.

2. **Same—Mortgages—Proceeding to Foreclose Trust Deed by Advertisement and Sale.**

The proceeding by a trustee to sell the property under a trust deed by advertisement in accordance with the terms of the deed, is in no sense an action within the meaning of Mills' Ann. Stats., § 2900, limiting the time within which certain actions may be brought, since the latter is a proceeding before a court of justice in the manner prescribed by the court or the law.—P. 195.

3. **Same—Time.**

There is no statute in Colorado regulating the proceeding to foreclose a trust deed by advertisement and sale, and the beneficiary has a right to demand such foreclosure by the trustee any time after default in its conditions, since our statute of limitations does not apply and, where a party has two remedies, the one he chooses is not barred by the statute merely because the other would have been had he resorted to it.—P. 196.

4. **Same—Personal Privilege.**

The statute of limitations is a personal privilege granted to the debtor as a means of defense, which he may waive; but the debt itself is as much of a moral obligation after the statute has run as before, and without the statute it would be enforceable; and the contract contained in a trust deed, although an incident to the note secured thereby, is morally binding, and, because it is not necessarily barred by the statute, it is legally binding. —P. 197.

5. **Same—Action on Note Barred—Effect.**

While a mortgage is only a lien on the property, a trust deed or mortgage with power to sell conveys the legal title to the trustee; and, while it is incident to the note to the extent that it falls with the payment of the debt, the foreclosure under it is a distinct remedy enforceable by virtue of the personal con-

tract of the trust deed, and is not released by the fact that an action on the note is barred by the statute of limitations, since the statute merely bars the remedy and not the cause of action. —P. 198.

*Appeal from the District Court of the City and County of Denver.*
*Hon. John I. Mullins, Judge.*

Action to quiet title by Edwin N. Burr against Robert E. Foot, individually, and as trustee for Lydia L. Foster, and John Sanger. From a judgment for plaintiff, defendants appeal.

*Reversed with instructions.*

Decision *en banc.*

Messrs. MACBETH & MAY, Mr. ROBT. E. FOOT, and Mr. JOHN F. TRUESDELL, for appellants.

Messrs. RICHARDSON & HAWKINS, for appellee.

Mr. JUSTICE CASWELL delivered the opinion of the court:

Action, in the usual form, to quiet title, plaintiff alleging ownership in fee and possession of the property, and alleging that the defendant Robert E. Foot, for himself individually and as trustee for the use of one Lydia L. Foster and John Sanger, claim some right, title and interest in certain property described.

The answer of defendants admitted that they claimed an adverse interest in the land, and described such interest as created by a trust deed executed by one Francis D. Parr, the former owner of the land, and given by her to secure her unpaid note now held by defendant John Sanger, but the facts alleged in the petition not admitted by the answer were denied.

The answer further avers that under the power and authority vested in defendant Foot as trustee,

he had a legal right to sell the real estate involved, for the purpose of satisfying the indebtedness and that he was proceeding in conformity with the terms and conditions of the trust deed to sell the property pursuant to the conditions thereof and the power of sale therein contained.

The plaintiff below demurred to the answer of defendants, setting up the statute of limitations. The demurrer was sustained, and, the defendants electing to stand upon their answer, a decree was entered adjudging the plaintiff to be the owner of the property in controversy, and that the defendants had no right, title or interest, individually or as trustee for the use of John Sanger or any other person, in said property or any part thereof, and quieted the title in the plaintiff, and enjoined the defendants from asserting any right, title or interest in or to the said property or any part thereof as against the plaintiff.

The case comes to this court by appeal. It is suggested that the law does not permit the mortgagor or his grantee to quiet title against the holder of the mortgage on the naked ground that the right to foreclose the mortgage has been barred by the statute of limitations.

Our attention has been called to the case of *Gibson v. Johnson,* 73 Kan. 261. But the answer in the case in hand is not susceptible of the same construction as the answer in the case cited. We think the answer in this case clearly alleges that the debt was valid and indisputable; that the defendant Foot had a right to sell the property and apply the proceeds to the debt, and that he was proceeding to do so; that the trust deed constituted a lien upon the property superior to that of plaintiff; that such facts were alleged affirmatively against the plaintiff for the purpose of overthrowing his case, and that the

plaintiff might properly plead the bar of the statute of limitations as against such affirmative allegations. This was the ruling in the Kansas case cited and is in accord with the ruling of this court.—*Buckingham v. Orr,* 6 Colo. 590; *Schlageter v. Gude,* 30 Colo. 310; *Hunt v. Hayt,* 10 Colo. 281; *Hexter v. Clifford,* 5 Colo. 168, 173.

The real question presented, however, is whether the demurrer was properly sustained, and this raises directly the question as to whether the statute of limitations which bars a personal action on the note of Frances D. Barr, also bars the contract remedy of sale by the trustee.

In the case of *Holmquist v. Gilbert,* decided at this term of the court by an opinion prepared before the presentation of this case (*ante,* page 113), the court held that our statute of limitations does not affect the right of foreclosure of a trust deed or the power of the trustee to foreclose by advertisement and sale, and such is the ruling in this case. Our statute of limitations, § 2900, Mills' Ann. Stats., reads: "The following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards."

The proceeding by trustee to sell the property by advertisement is in accordance with the terms and conditions of the trust created by the deed, and is in no sense an action such as is contemplated by our statute. Both by our code and by the decision of this court, an action is a proceeding before a court of justice in a manner prescribed by the court or the law.—*Jones v. Bank of Leadville,* 10 Colo. 479.

The first section of our code of civil procedure provides, in substance, that there shall be one form of civil action for the enforcement or protection of private rights and the redress or prevention of private wrongs which shall be the same at law and in equity

and which shall be denominated a civil action and which shall be prosecuted and defended as prescribed in this act. Our code of civil procedure nowhere provides for a method of foreclosure such as is provided for in the trust deed in the case at bar, and the rights of the trustee are acquired solely by the terms and conditions of the trust and by the personal contract of the grantor of the trust deed.

In *Hall v. Bartlett,* 9 Barb. 297, the court having under consideration a proceeding to foreclose a mortgage with the power of sale, says that "a proceeding to foreclose a mortgage by advertisement is not a suit. * * * Such a proceeding is merely an act of the mortgagee executing the power of sale given to him by the mortgagor."

In *Hayes v. Frey,* 54 Wis. 503; 11 N. W. Rep. 695, the court having under consideration a like question, says, "There are at least two very good reasons why the statute should not be a bar to the foreclosure by advertisement. The first is that a proceeding is not an action and the statute of limitations has no application to the case. And the second is that the power to sell is granted whenever there is default in the payment of money secured by the mortgage. There is no pretense that the money secured by the mortgage was ever paid, and so there was clearly a default in a condition of the mortgage which authorized the execution of the power."

There is no statute in this state regulating the proceeding to foreclose in such cases, and the beneficiary in the trust deed had a right to demand the foreclosure by advertisement and sale by the trustee after default in the conditions of the trust deed. This position is further sustained by the following authorities: *Stevens v. Osgood et al.,* 18 S. D. 247; *Menzel v. Hinton,* 132 N. C. 660; 34 S. E. Rep. 386;

*Goldfrank v. Young,* 64 Tex. 432; *Hall v. Bartlett,* 9 Barb. 297, 303; *Hayes v. Frey,* 54 Wis. 503; 11 N. W. Rep. 695; *Fievel v. Zuber,* 67 Tex. 275, 279.

The proceeding to foreclose, then, not being an action such as is barred by our statute, is a proper remedy for the enforcement of the rights of the beneficiary under the trust deed, and where a party has two remedies for the enforcement of a right, the one he chooses is not barred by the statute of limitations merely because the other, if he had resorted to it, would have been.—25 Cyc. 999, and cases cited; *Fievel v. Zuber, supra; Hayes v. Frey, supra.*

It is strenuously urged by the appellee that, in states such as ours where the note is held to be the principal thing and the mortgage or trust deed an incident thereto, when the note is barred by the statute of limitations the trust deed is likewise barred; that the principal not being enforceable the trust deed or incident thereto is not enforceable. It has been held in this state that a mortgage or trust deed is an incident to the note.—*Coler v. Barth,* 24 Colo. 38, and cases cited.

It is further held that when the note is paid, the lien of the mortgage or trust deed is discharged and the owner of the property is entitled to a reconveyance. Our statute of limitations operates only to bar the remedy, not to extinguish the debt or cause of action.—*Holmquist v. Gilbert, supra,* citing *Grant v. Burr,* 54 Cal. 300; *Farmers' L. & T. Co. v. Denver L. & G. Co.,* 126 Fed. 46; *Menzel v. Hinton,* 132 N. C. 665; Jones on Mortgages (6th ed.), § 1203, and other cases.

The statute is to be employed as a means of defense, and is a personal privilege granted to the debtor, which he may waive. The debt itself is as much of a moral obligation after the statute has run

as before; without the statute it would be enforceable. The contract contained in the trust deed, although an incident to the note it is made to secure, is morally binding, and because it is not necessarily barred by the statute it is also legally binding.

Much stress is laid by the appellee upon the decision in *McGovney v. Gwillim*, 16 Colo. App. 284. The question before the court in that case was whether an *action could be brought* in a court of equity to foreclose a trust deed given to secure the payment of a note against which the statute of limitations could properly be plead as a defense, and the court in that case held that the statute barred the foreclosure by an action. The question presented in the case in hand was not before the court, nor do we think it intended to pass upon this question. It alludes to the fact that the holder of the note or indebtedness in that suit had elected to waive the right of sale by the trustee and thereby have the instrument treated as a mortgage.

The appellee emphasizes the fact that in the *McGovney v. Gwillim* case, the court holds that a deed of trust given as security for a debt is in legal effect but a mortgage; that the mortgage is considered a mere lien; that a deed of trust is generally considered as nothing more than a lien, and therefore the legal title conveyed to the trustee is nothing more than a lien. Without discussing the force of such statements, it is sufficient to say that in *Mining Co. v. Costigan,* 21 Colo. 479, this court says: "In Colorado a mortgage is only a lien upon the mortgaged property (*R. R. v. Beshoar,* 8 Colo. 32), but a trust deed or mortgage with power to sell conveys the legal title to the trustee."—*Stevens v. Clay,* 17 Colo. 489; *Reid v. Sullivan,* 20 Colo. 498.

In *Denver B. & M. Co. v. McAllister,* 6 Colo. 266,

the court at an early date said in effect that it did not deem it necessary to enter upon the wide field of discussion and authorities concerning the nature of trust deeds made for the securing of debts as contra-distinguished from mortgages, further than to say that·such instruments are in the nature of a mortgage with the power of sale; are made to accomplish the same object, and are within the equitable jurisdiction of the courts when applied to for enforcement as cumulative and concurrent remedies.

In *Barth v. Deuel,* 11 Colo. 503, it says that in its legal sense a trust deed is a mortgage subject to the recording and releasing statutes relating to mortgages.

In *Canal v. Lumber Co.,* 9 Colo. App. 231, the court says, trust deeds are mortgages with the power of sale and only differ from mortgages in providing for sale without foreclosure.

We think the court in the *Denver B. & M. Co. v. McAllister, supra,* fairly expressed the rule which should be applicable to the case at bar, and it is un-necessary to enter into an extended discussion as to the differences between trust deeds and mortgages. It is sufficient to say that by sale under the power contained in the mortgage the method of procedure is directed and measured by the power therein granted; that such sale requires no action to be brought in the courts as does a mortgage, and that the grantor in the trust deed has conveyed and re-leased all rights to statutory redemption of the prop-erty involved herein, the same having been executed prior to the act of 1894. The legal title passes by the trust deed under consideration to the trustee, and by a sale both the legal and equitable title passes to the purchaser as evidenced by the trustee's deed. And while such trust deed is an incident to the note to the extent that it falls with the payment of the debt, it

is not released or extinguished by reason of the fact that in an action brought to enforce the collection of the note it was made to secure, the defendant in such action might successfully plead the statute of limitations. It is such a lien as can be enforced by virtue of the personal contract and conditions of the trust embodied in the deed regardless of the statute of limitations, while the debt remains unpaid.

In this action the appellee, who was plaintiff below, had purchased the equity of redemption which existed prior to any sale of the property by the trustee. He purchased with notice of the existing lien. His right to redeem, as also that of his grantor, depended on the payment of the debt and this was the only method of clearing the title. The trustee and the beneficiary were both cited to appear and assert and have determined their adverse interest. This is the effect of a suit to quiet title.—*Wall v. Magnes,* 17 Colo. 476. They did so appear and the interests as set forth in the answer were paramount to those of the plaintiff under the views hereinabove expressed.

It follows then, that the court erred in sustaining the demurrer to appellants' answer and in quieting title in the appellee, who was plaintiff below, and in its decree that the appellants, or neither of them, had any right, title or interest individually, or in any capacity, in or to the property involved, and in enjoining the appellants from asserting any right, title or interest in the property or any part thereof.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.          *Reversed.*

Decision *en banc.*